UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOVICA PETROVIC, )
)
    Petitioner, )
)
vs. ) Case No: 4:14CV334 HEA
)
UNITED STATES OF AMERICA, )
)
    Respondent.

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Jovica Petrovic's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order, and Movant has filed a Reply thereto. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

Petitioner was indicted by a Grand Jury in July, 2010 on four counts of interstate stalking and harassment in violation of protective orders under 18 U.S.C. § 2261A(2)(A), two counts of interstate extortionate threat under 18 U.S.C. § 875(d), one count of interstate stalking with a dangerous weapon under 18 U.S.C. § 2261A(1), and one count of interstate violation of a protection order under 18 U.S.C. § 2262(a)(1). The government dismissed one count of interstate violation of

a protection order under 18 U.S.C. § 2262(a)(1). In November 2011, the Court conducted a jury trial. Petitioner was found guilty on four counts of interstate stalking and harassment in violation of protective orders and two counts of interstate extortionate threat. Petitioner was found not guilty of one count of interstate stalking with a dangerous weapon. The Court sentenced Petitioner on February 15, 2012 to a total term of 96 months of imprisonment. Petitioner was sentenced to 60 months imprisonment on Counts One, Three, and Four, 36 months imprisonment on Count Two, 24 months imprisonment on Count Five, and 24 months imprisonment on Count Seven. The sentence imposed in Counts One, Three, Four, Five and Seven were ordered to run concurrently for a total of 60 months. The sentence imposed in Count Two was ordered to run consecutively for an aggregate sentence of 96 months.

Petitioner appealed his sentence, arguing alleged errors at trial and regarding the specific sentencing adjustment for obstruction of justice.

The Eighth Circuit Court of Appeals rejected all of Petitioner's arguments. See *United States v. Petrovic*, 701 F.3d 849 (8th Cir. 2012).

## **STANDARD FOR RELIEF UNDER 28 U.S.C. 2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### **Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness."

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005).  If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient.  *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996).  Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error.  *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One: Sentencing Abuse of Discretion**

Petitioner claims that his trial counsel was ineffective because he did not object when the Court "superimpose[ed] his own personal character thoughts as to the mind and thoughts of alleged victim M. b. [sic], and ex-wife of Petitioner."

Petitioner also claims the Court abused its discretion in ordering Petitioner's sentence on Count Two to run consecutive to the sentences imposed on Counts One, Three and Four. Petitioner argues the Court violated *Apprendi v. New Jersey,* 530 U.S. 466, (2000) by enhancing his sentence through imposing a concurrent sentence on Count Two.

"[S]entencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Norwood,* 774 F.3d 476, 479 (8th Cir.2014) (per curiam). See also *U.S. v. Jenkins,* 792 F.3d 931, 935 -936 (8th Cir. 2015). This Court may consider consecutive sentences to achieve what the Court deems to be the appropriate total punishment. The Court gave due consideration to the sentencing factors set out in 18 U.S.C. § 3553(a) and articulated its reasons for the imposition of the consecutive sentence on Count Two.

**Ground Two: Ineffective assistance of trial and appellate counsel**

Petitioner alleges a variety of actions taken or not taken by counsel (Petitioner was represented by the same attorney at trial and on appeal) that he argues were ineffective.

Petitioner sets out the following as ineffective: failure to call his witnesses; to present evidence at trial; to spend adequate time to prepare Petitioner for trial; failure to properly cross examine the government's witnesses; denied Petitioner access to his laptop to retrieve text messages, voice recordings, addresses of

7

witnesses; failure to invest minimum time to prepare himself for trial; preparation of an appellate brief without merit; failure to provide Petitioner with complete trial documents; failure to solicit testimony from witnesses who were subpoenaed; withdrawing Petitioner's approximate 1000 pages evidence; never informing Petitioner which witnesses the Court subpoenaed; never challenging the sentencing enhancement by the Court or the Appellate Court; failure to challenge the Court's instruction with regard to a witness' testimony; failure to explain to Petitioner the Plea-Deal offered by the government; Petitioner told his counsel about a relationship he had had with a witness' wife and counsel failed to challenge his testimony in court; Petitioner told his counsel that the facts underlying this matter were told to a state divorce judge who ignored them and counsel failed to see that the criminal charges against Petitioner were abuse of discretion and frivolous charges; counsel was allowed to remain as Petitioner's attorney even though Petitioner attempted to have him replaced at the trial level; counsel was overwhelmed by the facts of the case and that powerful people were involved with Petitioner's wife and others, such that counsel was afraid it would affect his career; counsel could have cared less what the evidence indicated; counsel was ineffective in not bringing to the attention of the Court and jury that Petitioner did not violate any protective order; counsel did not mention that the temporary restraining order was *ex parte*; counsel knew Petitioner's ex-wife was involved in the website which

was used against Petitioner to convict him; counsel knew of facts that would establish Petitioner's wife was not a victim; counsel refused to produce records of emails between Petitioner and his ex-wife; counsel failed to have Petitioner's divorce counsel testify; counsel knew a protective order was not in place;

The allegations against counsel are largely based on unsupported argument by Petitioner. Petitioner speculates as to counsel's reasons for failing to do certain things Petitioner thought counsel should do. Significantly, a majority of the complaints against counsel have to do with trial strategy, which does not rise to the level of ineffective assistance of counsel under Strickland. Counsel has submitted an affidavit of the events which surrounded his representation of Petitioner, and his reasons therefore. Petitioner simply makes bold assertions and speculation of counsel's motives, abilities and ulterior reasons for the actions counsel took in his representation of Petitioner. Without more, Petitioner has failed to establish that the claims against counsel were unreasonable.

Additionally, Petitioner has failed to satisfy the prejudice prong of *Strickland*. The record is replete with evidence of Petitioner's actions and the effect those actions had on his ex-wife and her family. While Petitioner claims that the facts of this case are merely domestic relations, the jury was presented with Petitioner's testimony and that of his ex-wife. Petitioner has presented no evidence

9

from which he can establish that the alleged failures of counsel were prejudicial in light of the substantial evidence against Petitioner.

**Ground Three: Ineffective assistance of counsel-extortion of sexual relationship**

Petitioner argues that counsel was ineffective because he failed to inform and plead before the Court that he was married to the victim during some of the time listed in the indictment. Petitioner argues that because of this, he could not have been found guilty of extortion of something of value to be lost because he was the lawful husband of the victim. Petitioner raised this issue on appeal in the context of the sexual relationship was not a "thing of value." The Eighth Circuit found no issue with this sexual relationship falling within the perimeters of "thing of value:

> To be convicted under the interstate extortionate threat statute, Petrovic must have intended to extort from M.B. "any money or other thing of value." 18 U.S.C. § 875(d). The district court instructed the jury, over Petrovic's objection, that a "sexual relationship" could constitute a "thing of value" under § 875(d). Petrovic maintains this was error that caused him to be improperly convicted of one charge of violating § 875(d) for his December 28, 2009 communications in which Petrovic threatened to harm M.B.'s reputation if she ended their relationship. We typically review district courts' rulings concerning contested jury instructions for an abuse of discretion, and we reverse only when any error was prejudicial. *See United States v. Yielding,* 657 F.3d 688, 708 (8th Cir.2011). However, when "[o]ur review requires statutory interpretation, [it is] an issue of law that we consider de novo." *United States v. Haas,* 623 F.3d 1214, 1218 (8th Cir.2010); *see also United States v. Ho,* 311 F.3d 589, 605 (5th Cir.2002).

10

"Congress'[s] frequent use of 'thing of value' in various criminal statutes has evolved the phrase into a term of art which the courts generally construe to envelop[ ] both tangibles and intangibles." *United States v. Nilsen,* 967 F.2d 539, 542 (11th Cir.1992). Petrovic concedes a "thing of value" under § 875(d) includes intangible objectives. Numerous intangible objectives have been held to constitute things of value under a variety of other statutes, including romantic pursuits and sex-related consideration. *See United States v. Barraza,* 655 F.3d 375, 383–84 (5th Cir.2011) (sexual favors); *United States v. Kulla,* 434 Fed.Appx. 268, 269 (4th Cir.2011) (unpublished per curiam) ("the time and attention" of a younger woman with whom defendant "pursue[d] a romantic relationship"); *United States v. Owens,* 585 F.3d 1055, 1058 (7th Cir.2009) (anticipation of future sexual encounters); *United States v. Marmolejo,* 89 F.3d 1185, 1191 (5th Cir.1996) (conjugal visits); see also *United States v. Girard,* 601 F.2d 69, 71 (2d Cir.1979) (listing precedents construing a "thing of value" to include amusement, sexual intercourse or the promise of sexual intercourse, a promise to reinstate an employee, an agreement not to run in a primary election, or the testimony of a witness). *But see Chappell v. United States,* 270 F.2d 274, 276–78 (9th Cir.1959) (holding a "thing of value" under 18 U.S.C. § 641 does not extend to intangible items based on the statute's unique legislative history).

These holdings reflect the principle that value is a subjective, rather than objective, concept where "the focus of the ... term is to be placed on the value which the defendant subjectively attaches" to what is sought to be received. *United States v. Gorman,* 807 F.2d 1299, 1305 (6th Cir.1986); *see also United States v. Williams,* 705 F.2d 603, 622–23 (2d Cir.1983). Although these cases differ in procedural postures and involve different statutes than does the present case, we see no reason why a "thing of value" under § 875(d) is more narrow than what the broad term of art encompasses in other contexts. A defendant can attach value to a "sexual relationship" just as readily as to sexual intercourse or other sex-related considerations, and a "sexual relationship" may be an intangible "thing of value" one intends to extort under § 875(d). The district court did not err by instructing the jury that a "sexual relationship" could be a "thing of value" under § 875(d).

*U.S. v. Petrovic*, 701 F.3d 849, 857 -858 (8th Cir. 2012).

No distinction is made by the Appellate Court that the "thing of value" between Petitioner and his ex-wife ceases to be such because they happened to be married during some of the relevant time.

Moreover, in his traverse, Petitioner argues that he was not attempting to extort from his ex-wife anything of value, rather, he was merely asking for what was "due him" in tangible terms of currency and furniture. Petitioner's focus is, however, misplaced. The "thing of value" at issue in this case was the extortion of a sexual relationship.

Because the sexual relationship, without distinction, is indeed a "thing of value," counsel cannot be held to have been ineffective for failing to argue a sexual relationship while married did not qualify as a "thing of value."

**Ground Four: 18 U.S.C. § 2261A(2)(A) is facially invalid**

As Respondent correctly argues, Petitioner's First Amendment challenge has been litigated in this Court before Judge Adelman, before the undersigned and before the Appellate Court, to no avail. Petitioner's argument in this Motion is still entirely meritless and needs no further discussion.

## CONCLUSION

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

# CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 7th day of October, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

13